IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | |
|---|---|
| Russell E. McAllister, III, | ) |
|          Plaintiff, | ) C/A No. 7:18-1953-TMC |
| v. | ) **ORDER** |
| Sheriff Steve Mueller and Warden Cherokee County Detention Center, | ) |
|          Defendants. | ) |

Plaintiff Russell E. McAllister, III ("McAllister"), a state pre-trial detainee proceeding pro se, filed this action pursuant to 28 U.S.C. § 2241. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the court dismiss this action without prejudice and without service of process. (ECF No. 10). McAllister timely filed objections to the Report (ECF No. 15) and also a motion to amend his petition (ECF No. 16). Because McAllister did not attach a proposed amended petition, the court gave McAllister an opportunity to file a proposed amended petition for the court to review and determine if it cured the deficiencies set out in the Report. (ECF No. 23). McAllister subsequently filed a proposed amended petition, which the Clerk, as directed by the court, filed as an attachment to the motion to amend. (ECF No. 16-2).

The Report has no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In that

case, the court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

In her Report, the magistrate judge recommends that this action be dismissed without prejudice because McAllister has not exhausted his state remedies, and moreover that this court should abstain under the *Younger* abstention doctrine. (Report at 5 n.2, 5-6).[1] In his objections, McAllister set forth four objections.

In his first objection, McAllister contends that the magistrate judge erred in stating in the background section of the Report that McAllister was raising whether there was probable cause to support his arrest warrant when he states he was actually arguing the search warrant was not supported by probable cause. (ECF No. 15 at 2). In his second objection, McAllister notes that the magistrate judge stated in the background section of the Report that McAllister has been incarcerated for over 150 days without being indicted or provided a preliminary hearing. *Id.* at 2. McAllister states that this remains the case. McAllister does not really object to the magistrate judge's recitation of facts. Rather, he agrees with it and emphasizes he still has not been indicted or received a preliminary hearing. *Id.* at 3. In his third objection, McAllister contends that "[t]he arrest warrant is very bias[ed], and states that he "did commit the crime of distribution" without any corroboration. *Id.* In his fourth objection, McAllister contends that "double jeopardy is a possibility." *Id.* at 3-4. McAllister contends that he had previously been arrested in August 2017, and that the drugs could have been left at his girlfriend's house from that drug offense or belonged to his girlfriend. *Id.* at 4.

McAllister's objections, however, are meritless. None of these objections address the dispositive portions of the Report regarding exhaustion. As the magistrate judge stated (Report at 3-4), before a state prisoner can seek federal habeas relief under § 2241, he must first exhaust

---

[1]*Younger v. Harris*, 401 U.S. 37, 43-44 (1971).

2

any state court remedies that may be available. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) (noting state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-92 (1973) (noting requirement for exhaustion of "all available state remedies as a prelude to this [§ 2241] action"); *Durkin v. Davis*, 538 F.2d 1037, 1041 (4th Cir. 1976) ("Until the State has been accorded a fair opportunity by any available procedure to consider the issue and afford a remedy if relief is warranted, federal courts in habeas proceedings by state [inmates] should stay their hand." (internal quotation marks omitted)). Accordingly, the petition is dismissed without prejudice.

Along with his objections, McAllister also filed a motion to amend his petition. (ECF No. 16). Because he did not include a proposed amended petition, the court gave him an opportunity to file a proposed amended petition for the court to consider. (ECF No. 23). McAllister filed a proposed amended petition, which was docketed, at the court's direction, as an attachment to the motion to amend. (ECF No. 16-2).[2] The court has reviewed the proposed amended petition, and finds it would not cure the deficiencies noted in the Report. The claims remain unexhausted. A court should deny leave to amend if amendment would be futile, the moving party has acted in bad faith, or amendment would be prejudicial to the opposing party. *United States v. Pittman*, 209 F.3d 314, 317 (4th Cir. 2000). Here, amendment would be futile because the claims remain unexhausted. Accordingly, the court denies McAllister's motion to amend.

Based on the foregoing, the court adopts the Report (ECF No. 10). Therefore, this action is **DISMISSED without prejudice.** Additionally, Petitioner's motion to amend and to appoint

---

[2]McAllister also attached a motion for the appointment of counsel to his proposed amended petition. (ECF No. 16-3). As the court is dismissing this action, this motion is denied as moot.

counsel (ECF No. 16) is **DENIED**.[3]

    **IT IS SO ORDERED.**

                                                        s/Timothy M. Cain  
                                                        United States District Judge

November 2, 2018  
Anderson, South Carolina

.

---

[3]Unlike in a § 2254 or § 2255 proceeding, it is not necessary for a petitioner to obtain a certificate of appealability to appeal an order dismissing a § 2241 petition. *Sanders v. O'Brien*, 376 Fed. App'x 306, 307 (4th Cir. 2010).